OPINION. Black, Judge: The issue which is involved in the instant case is whether, in each of the taxable years 1939 and 1940, a valid and legal partnership existed between petitioner and 1ns two sons, William, Jr., and Herman, in the ownershi p and operation of the Fischer Machine Co., a prosperous business engaged in the manufacture and sale of specialized machines and tools. The applicable sections of the statute are sections 181, 182, 183, and 3797 of the Internal Revenue Code, printed in the margin.[1] Petitioner contends that a legal partnership did exist between himself and his two sons during the taxable years 1939 and 1940, and that, therefore, he may be charged only with his salary of $10,400 and his share of the profits, the total of which for the years 1939 and 1940 are not in dispute and has been stated in our findings of fact. The respondent determined and still contends that the alleged partnership is one in form only; that it. should not bo recognized for income tax purposes; that the business being conducted should be considered as being petitioner’s business; that the sons should be considered as employees of petitioner rather than members of a partnership (just as they were prior to January 1, 1939); and that, therefore, petitioner must be charged with his salary of $10,400 and all of the profits of the business (after deducting an annual salary for each son of $3,120), the total of which for the years 1939 and 1940 amounts to $188,676.86 and $326,697.32, respectively. We do not agree with respondent in the foregoing contentions. We think the evidence shows that the partnership was what it purported to be; that it had substance in that it was bona fide in every respect; and that there is no reason why such a partnership should not be recognized for all relevant purposes, including income tax purposes. It is true, of course, that since the agreement of January 1, 1939, was a partnership agreement between members of a family, the respondent was entirely justified in carefully scrutinizing the agreement and all of the attendant facts and circumstances. This should be done in all such cases. See Harry C. Fisher, 29 B. T. A. 1041, 1048; affirmed per curiam, 74 Fed. (2d) 1014. But when this is done and all of the facts and circumstances show clearly and convincingly that a valid, bona fide partnership does exist, then full faith and credit should be given thereto. Millard D. Olds, 15 B. T. A. 560; affd., 60 Fed. (2d) 252; Champlin v. Commissioner, 71 Fed. (2d) 23; Montgomery v. Thomas, 146 Fed. (2d) 76; Tower v. Commissioner, 148 Fed. (2d) 388. The respondent’s argument is epitomized in the opening paragraph of his brief wherein he says: In this proceeding, when the substance of ilie alleged partnership is considered and mere form is disregarded, it seems obvious that the agreement of January 1, 1939, between the petitioner and his two sons, and their arrangements pertaining thereto did not constitute a bona fide partnership in view- of the fact that no business function was served or accomplished by the execution of said agreement. It was merely a device “to exalt artifice above reality.” Gregory v. Helvering (1935), 293 U. S. 465. In elaboration of the above the respondent reviews the evidentiary facts, which we have set out in our findings and which need not be repeated here. In this review of the facts the respondent compares the conduct of the business after January 1,1939, with the conduct of the business prior thereto, with the suggestion after each comparison that there ivas present no substantial change in the conduct of the business before and after the crucial date. He then deduces from this that the partnership relationship was one of form only, with no substance to give it support. As we have already indicated, we do not agree with the respondent that there was no substance in the change of conducting the business in question after January 1,1939. Prior thereto the sons were merely employees of their father. Their services could have been terminated at any time. They had no investment in the business and were not liable for any losses sustained by the business. Thereafter all of this was changed. The sons were equal partners with their father. They had made substantial investments of their own cash funds in the business and had agreed to share the profits and losses equally. The change was not a sham. It was, we think, as real and bona fide as any business transaction could possibly be. Respondent states that petitioner retained control, but he does not say control of what. Petitioner certainly had no more control of the partnership affairs than any partner would have had. He simply had an equal voice in formulating and conducting partnership policies, which is quite the usual thing for partnerships. Insofar as control of the finances of the partnership was concerned, petitioner had no more than his sons. Each of the partners had authority to sign checks on the partnership accounts, but the signatures of all three were required on promissory notes and similar financial documents. Petitioner had no control over the personal wealth of his sons, nor could he in any way control what they did with their annual allocable share of the earnings of the partnership. In fact, since the formation of the partnership the father has had less control over the business and over the sons than he previously had insofar as their connection with the business is concerned. Prior to the partnership petitioner could operate according to the dictates of his mind, unfettered by any family contractual restrictions, and could discharge his sons if he wished. These powers were relinquished as a result of the partnership agreement. The partnership was not a device for the allocation of petitioner’s income within an intimate family group. If a father can not make his adult sons partners with him in the business where they have grown up in the business and have attained competence and maturity of experience, then the law of partnership is different from what we understand it to be. Of course, it is true, as respondent argues, that petitioner could have continued to operate the business of Fischer Machine Co. as a sole proprietorship, and if he had done that, the entire net income of the business would have been taxable to him. On the other hand, he had the right, by agreement, to take in his two sons as partners and operate the business as a partnership. This latter thing he did, and we can see no reason which would justify us in disregarding it. The respondent also lays considerable stress on paragraph 18 of the agreement, which prohibits any partner from engaging in any other business, and says that petitioner violated the agreement by devoting the major portion of his time to the affairs of a large corporation in which he and his wife were substantial investors. We do not see wherein this is at all material in determining whether petitioner and his two sons were partners in the Fischer Machine Co. Petitioner had contributed the largest share of the capital and it was the intention of all the parties when the partnership was formed that the sons would contribute the largest share of the services and that all would share equally in the profits and losses. We think this reference by the respondent to petitioner devoting the major portion of his time elsewhere only goes to strengthen petitioner’s-contention that a bona fide partnership existed in that it shows that the sons were fully capable of assuming the responsibilities of operating the business. Furthermore we think it shows the weakness of the respondent's position, for if the services of each son were worth $22,340 in 1937 and 1938, surely, they were worth more in the taxable years 1939 and 1940, with increased responsibilities, than the $3,120 the respondent has allowed them on the theory that there was no valid partnership and that the business was being run in the taxable years just as it had been in the years prior to the taxable years. The respondent also makes a point as to the unequal contribution of capital by the partners. He points out that the petitioner contributed about 80 percent, whereas the sons contributed only about 10 percent each. It was the intention, however, that the sons would contribute the largest part of the services and thus gradually relieve petitioner of that burden, which was actually done. Corpus Juris, vol. 47, sec. 232, p. 790, says: * * * It is entirely competent for partners to determine by agreement, as between themselves, tbe basis upon which profits shall be divided, even without regard to the amount of their respective contributions, and such an agreement should be given effect, in the absence of a change; * * * The Supreme Court of the United States in Paul v. Cullum, 132 U. S. 539, held to the same effect as the above quotation from Corpus Juris. In that case, among other things, the Court said: While, in the absence of written stipulations or other evidence showing a different intention, partners will be held to share equally both profits and losses, it is entirely competent for them to determine, as between themselves, the basis upon which profits shall be divided and losses borne, without regard to their respective contributions, whether of money, labor, or experience, to the common stock. Story ou Partnership, §§ 23, 24. Such matters are entirely within the discretion of parties about to assume the relatioh of partners. In Merten’s Law of Federal Income Taxation, vol. 6, sec. 35.18, dealing with the subject of “Computation of Distributive Shares of Partners,” the author, among other things, says: Eacli partner is thus required to report his “proportionate share of the partnership net income.” The proportionate share is determined by the partnership agreement, which involves an interpretation of the agreement. In the instant case petitioner and his two sons have entered into what we think is a legal and valid partnership agreement. In that agreement they have provided what the capital contribution of each should be; they have provided what salary each shall draw ; and they have provided that profits and losses shall be shared equally. All of this was within their power to contract. They have lived up to that contract. We see no reason why we should disregard it. The respondent in support of his determination cites in his brief, among others, the cases of Gregory v. Helvering, 293 U. S. 465; Schroder v. Commissioner, 134 Fed. (2d) 346; Earp v. Jones, 131 Fed. (2d) 292; Francis E. Tower, 3 T. C. 396, later reversed and cited supra; Harrison v. Schaffer, 312 U. S. 579; Burnet v. Leininger, 285 U. S. 136; Lucas v. Earl, 281 U. S. 111; Helvering v. Clifford, 309 U. S. 331; Johnson v. Commissioner, 86 Fed. (2d) 710; Robert S. Eaton, 37 B. T. A. 283; affd., 100 Fed. (2d) 1013; certiorari denied, 307 U. S. 636; Thomas M. McIntyre, 37 B. T. A. 812: Mead v. Commissioner, 131 Fed. (2d) 323; certiorari denied, 318 U. S. 777; Harry C. Fisher, supra; and Helvering v. Horst, 311 U. S. 112. We do not regard any of these cases as commanding a holding in favor of the respondent on the basis of the facts involved in this proceeding. It would serve no useful purpose to distinguish each individual case. We hoid that a valid, bona fide partnership was created on January 1, 1939; that it existed during the taxable years in question; and that it should be recognized and given effect for income tax purposes. Decision will be entered under Rule 50. SEC. 181. PARTNERSHIP NOT TAXABLE. Individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. SEC. 1S2. TAX OF PARTNERS. In computing the net income of each partner, he shall include, whether or not distribution is made to him— ******* (c) His distributive share of the ordinary net Income or the ordinary net loss of the partnership, computed as provided In 183 (b). SEC. 183. COMPUTATION OF PARTNERSHIP INCOME. (a) General Role. — The net income of the partnership shall be computed in the same manner and on the samé basis as In the case of an individual. * * * SEC. 3797. DEFINITIONS. ******* (2) Partnership and partner. — The term “partnership” includes a syndicate, group, pool, joint venture, or other unincorporated organization, through or by means of which any business, financial operation, or venture is carried on, and which is not, within the meaning of this title, a trust or estate, or a corporation; and the term “partner” includes a member in such a syndicate, group, pool, joint venture, or organization. [[Image here]]