WILLIAM F. FISCHER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 6470.   Promulgated March 31, 1947.

*Chester J. McGuire, Esq.*, for the petitioner.
*Brooks Fullerton, Esq.*, for the respondent.

738

OPINION.

Harron, *Judge*: The question relates to a business which had been in existence many years prior to January 1, 1939. Petitioner took his sons into partnership. In the formation of the partnership the capital contributions were equal as to the two sons, who contributed in cash $64,000, ($32,000 each). Petitioner contributed assets, including cash, amounting to $260,091. The partnership created under the agreement of January 1, 1939, was a bona fide partnership, valid for purposes of taxation. *William F. Fischer*, 5 T. C. 507. The parties to the agreement agreed that the partnership was to continue for an initial period of three years, and that it could continue beyond that period. The determination of the respondent which has given rise to this proceeding has been made under sections 501 and 503 of the Revenue Act of 1932, which provide for tax upon gifts.

Respondent's determination is that petitioner gave something to his sons when he took them into partnership with him to carry on a profitable and established business. The partnership agreement provided that each son should share in the profits and losses of the business to the extent of one-third each. That provision of the agreement, respondent has determined, "contained an element of gift." The interest in the future annual profits of the business for a period of three years which was vested in each son is alleged by the respondent to be, in part, the property which was given. Respondent has determined that such interest in earnings for three years in the two sons had a value on January 1, 1939, of $101,219. Upon that value respondent has determined gift tax in the net amount of $11,108.12. Petitioner did not file a gift tax return for the year 1939 because he did not consider that there was any element of gift in the creation of the partnership. Respondent has added a 25 per cent penalty to the tax for failure to file a gift tax return.

The position of the petitioner is that the agreement of partnership was a bona fide business arrangement and the transfer of property to the partnership, by petitioner, was for an adequate and full consideration in money or money's worth, and, as such, did not contain any element of gift. Petitioner refers to article 8 of Regulations 79, relating to gift tax, which is set forth in the margin.[1] He argues

---

[1] Art. 8. Transfers for a consideration in money or money's worth.—Transfers reached by the statute are not confined to those only which, being without a valuable consideration, accord with the common law concept of gifts, but embrace as well sales, exchanges, and other dispositions of property for a consideration in money or money's worth to the extent that the value of the property transferred by the donor exceeds the value of the consideration given therefor. *However, a sale, exchange, or other transfer of property made in the ordinary course of business (a transaction which is bona fide, at arm's length, and free from any donative intent), will be considered as made for an adequate and full consideration in money or money's worth.* A consideration not reducible to a money value, as love and affection, promise of marriage, etc., is to be wholly disregarded, and the entire value of the property transferred constitutes the amount of the gift. [Italics added.]

that respondent's present position is inconsistent with the part of the regulation which states that, where there is a transfer of property in the ordinary course of business, the transfer of property will be considered as made for an adequate and full consideration in money's worth because the transaction in question was a bona fide transaction. He contends that, since the two sons agreed to share in the losses, if any, of the business, thereby putting their own fortunes of at least $150,000, each, at the risk of the business, and, since the sons expended greater efforts and assumed greater managerial responsibilities, while petitioner reduced his efforts and responsibilities, the undertaking of each party was equal and full consideration was received by the petitioner. Petitioner argues that the holdings made by this Court in the earlier proceeding, *William F. Fischer, supra,* support the above contention.

The argument of the respondent is, in substance, as follows: The petitioner effected the formation of a partnership for a limited period of three years, but retained the power to reassume the business, by electing to terminate the partnership at the end of three years if he saw fit to recapture the business. Upon termination of the partnership all of the assets of the business, plus the right to use the name "Fischer Machine Company," will revert to petitioner. Respondent contends that, from the provisions of the partnership agreement, the net result of the arrangement was that no proprietary right in Fischer Machine Co. was conveyed to the two sons and that the net result was to divest petitioner of two-thirds of the net profits of Fischer Machine Co. for three years, and to vest the two-thirds of the net profits in his sons, who (respondent contends) "in the final analysis had no real proprietary interest in the Fischer Machine Company over and above what they themselves might contribute to their own capital accounts, which itself was, in effect, no different than had they deposited the same to their accounts at a bank instead of to their accounts at Fischer Machine Company." Respondent says that the arrangement served to divest petitioner of taxable income during the years involved, and that it is the transfer of the right to receive a portion of the net profits of Fischer Machine Co. for the period of the three years involved that he seeks to tax as a gift, rather than a transfer of a proprietary interest. The position of the respondent is explained, in part, by reference to his method of arriving at the value of $101,219 for the alleged gifts. For convenience, the determination of value is set forth in the margin.[2]

The petitioner had conducted the business of Fischer Machine Co. as a sole proprietorship until December 31, 1938. The business had

---

[2] Respondent has determined that petitioner made a gift to each son of partnership interest having a value of $50,609.50, total $101,219; net value after $8,000 exclusions, $93,219. The sum of $101,219 is the present value on January 1, 1939, of $39,278 per

been successful and had produced substantial earnings. Petitioner was 62 years old, and he was desirous of gradually withdrawing from business and having his sons assume the burden thereof. His sons were trained in the business and had worked in it as employees for several years. By 1938 they had gained sufficient training and experience to be capable of running the business. Petitioner and his sons desired to form a partnership to carry on the business which had been conducted as a sole proprietorship. Since the parties to the partnership agreement were members of a family, the transaction among them is subject to careful scrutiny for tax purposes.

Respondent does not contend that petitioner made a gift of any of his property which made up the assets of the business which he had conducted as a sole proprietorship. The facts show that he did not make such gifts to his sons. Rather, he treated the net worth of the going concern as his capital contribution to the partnership. Upon a dissolution of the partnership by agreement of the parties petitioner will take out of the partnership the value of what he contributed. If petitioner should die while the partnership is in existence, his estate will receive the value of his capital interest. If, on dissolution of the partnership, petitioner's sons desire to take over any property which petitioner contributed to the partnership, they will have to pay petitioner the value of the property they wish to take over. This applies to the name "Fischer Machine Company," in which petitioner retained the sole and exclusive property.

year to both sons for a period of three years. The figure $39,278 is $44,200 adjusted (reduced) for income tax of $4,922. The figure $44,200 was arrived at as follows:

| | | |
|---|---|---|
| Total earnings of Fischer Machine Co., the sole proprietorship of William F. Fischer prior to decrease by amount paid as salaries to father and two sons. | 1934 | $109,352 |
| | 1935 | 166,325 |
| | 1936 | 135,818 |
| | 1937 | 137,580 |
| | 1938 | 201,928 |

| | |
|---|---|
| Total | 751,003 |
| Average for five years | 150,200 |
| Estimated average annual earnings for 1939, 1940, and 1941 | 150,200 |
| Less salaries to partners per partnership agreement | 16,640 |
| Estimated annual earnings of partnership after salaries of partners | 133,560 |
| ⅔ of estimated annual earnings ($133,560) to be distributed to sons | 89,040 |
| Plus partnership salaries to be paid to sons | 6,240 |
| ⅔ of estimated annual earnings of partnership to be paid to sons | 95,280 |
| Less annual value of services contributed by sons as allowed by respondent for the years 1937 and 1938—2 × $22,340 | 44,680 |
| Balance | 50,600 |
| Estimated annual earnings attributable to capital investment of sons, $64,000 (5 T. C. 507, p. 510) at 10% | 6,400 |
| Balance | 44,200 |

The respondent contends that an intangible property right was given by petitioner to his sons, namely, the right to receive a portion of the net profits of Fischer Machine Co. The contention is not readily understood. One may make a gift of property which is productive of income. See *Blair* v. *Commissioner*, 300 U. S. 5. If there is a transfer of property the income produced by the property or resulting from the property interest is taxable to the transferee. Or, one may make a gift of earnings. The earnings are taxable to the donor and the gift is taxable at the value of the gift. See *Florence S. Hyman*, 1 T. C. 911; affd., 143 Fed. (2d) 425, involving a gift of dividends on stock.

In this partnership contract, petitioner put in about eight-tenths of the capital for a one-third interest in the partnership business, and each son put in about one-tenth of the capital for a one-third interest in the business. All agreed to devote their efforts to the business and each contributed his personal services. It was understood that petitioner would relinquish active management of the business, devote less time to the business, and be available in an advisory and consultative capacity; and that the two sons would assume the burdens and responsibilities of management and, thereby, increase their responsibilities. Thus, although the capital contribution of petitioner was larger than that of either son, his personal services in the business were to be substantially less than those of his sons. Under that arrangement, the shares of the three parties to the partnership contract in the profits and losses were to be equal. The consideration received by petitioner for his contribution to the partnership was the undertaking of each of the other parties to the partnership agreement. If the contribution of capital of the two sons, as among the partners, can be said to have been so small as to be nominal, nevertheless, as between the partnership and third parties, the sons put all of their personal accumulations of money and property at the risk of the business. While the petitioner's contribution of capital was large, the services and managerial responsibility undertaken by the two sons was to be large compared to petitioner's services and managerial control.

The agreement of January 1, 1939, brought about a new combination of capital and services in the joint conduct of a business. When the partnership was created, the Commissioner refused to recognize it as a valid partnership for income tax purposes. In *William F. Fischer*, *supra*, p. 515, this Court concluded that there was substance in the change of conducting the business after January 1, 1939, saying "It was, we think, as real and *bona fide* as any business transaction could possibly be." Elsewhere in that opinion, it was said that it was the intention that the sons would contribute the largest part of

the services and thus gradually relieve petitioner of that burden, and that the intention was carried out.

In considering the income tax aspects of the family partnership problem, the source of the income in question is examined; it may be capital, it may be personal services, or it may be a combination of both. In the partnership here involved, the income of the business which was to be conducted as a partnership was to be produced by a combination of all of the capital contributed by the three parties, and of their respective services. The business which had been conducted as a sole proprietorship was that of manufacturing. The business had machinery, but the facts before us do not show that there were included in the assets any "crucial asset" or any unusual assets of special value which could be said to be the primary or chief factors in creating the earnings of the business. Cf. *William H. Gross*, 7 T. C. 837, 847. Rather, the record indicates that the earnings of the business were the result of managerial skill and the use of ordinary capital. Hence, if those who were to assume the chief responsibilities of management under the partnership, the sons of petitioner, were not efficient and skillful, the earnings of the partnership would be affected adversely; or, if the new managers were skillful, the earnings of the partnership would reflect their abilities. In other words, the earnings of the partnership were to be created by the partners' efforts and by their ability in utilizing the ordinary capital at their command. Under such facts, it must follow that the interest in the profits and losses which each party to the partnership agreement received was derived from the agreement of partnership itself. We are unable to "isolate and identify" any subject of gift from petitioner to his sons in the agreement. Cf. *William H. Gross, supra*. And, under the facts of this case, it does not necessarily follow that, because there had been an established and going concern, the future earnings under the partnership were bound to be just what they had been when the business had been conducted as a sole proprietorship. The new parties, the sons, put some capital into the business, they agreed to share losses, if any, and they increased their responsibilities. The arrangement was a bona fide one. *William F. Fischer, supra*. Under these facts, we are unable to find that petitioner made a gift to his sons of any intangible or tangible interest under the contract he made with them, within the purview of section 503. *Herbert Jones*, 1 T. C. 1207, 1212. The *quid pro quo* for petitioner's contributions were the services to be rendered by the sons, their assumption of risk, and their capital.

The partnership transaction is examined here for the purpose of the gift tax. As was pointed out in *James A. Hogle*, 7 T. C. 986, 990, the statute providing for the gift tax lacks the broad scope of section

22 (a). Furthermore, the *bona fides* of the partnership agreement has been the subject of judicial review in the earlier case of *William F. Fischer*. The argument of the respondent in this proceeding, which has been set forth above, attacks the *bona fides* of the arrangement again in that it presents the contention that the partnership agreement did no more than work out a transfer of two-thirds of the future earnings of the business to petitioner's two sons. In his valuation of the alleged gift, the respondent plainly shows that his real contention is that petitioner gave part of the future earnings of the business over and above an amount which respondent regards as the value of the services of the two sons. Under his theory here, the partnership agreement could not have effected any change in the conduct of the business. We think that contention has been disposed of adversely to respondent in the earlier proceeding.

The respondent's determination is reversed.

The deficiency results solely from the determination that gifts of an interest were given to the sons. If there were no gifts there is no gift tax deficiency. It follows that there can be no addition for failure to file a gift tax return. *James A. Hogle, supra.*

*Decision will be entered for the petitioner:*